## LEVI T. LEATHE *vs.* BENJAMIN A. BULLARD.

Waiver of a condition in a deed may be proved by parol evidence.

Upon the question of a waiver of a condition of a deed, an auditor admitted evidence of circumstances both before and after its delivery, although the former was particularly objected to; and reported in favor of the waiver. The court submitted his report to the jury with other evidence, and instructions that a waiver might be shown by parol evidence, and that the auditor's report was *prima facie* evidence. *Held*, that no exception could be sustained to this ruling, without showing in the bill of exceptions that specific objection was taken at the trial to the evidence of circumstances which occurred before the delivery of the deed.

The report of an auditor is *prima facie* evidence of the facts found by him, even if he reports the evidence in detail on which his finding is based.

ACTION OF CONTRACT for money received by the defendant to the plaintiff's use. The case was referred to an auditor, who reported that the defendant made a deed of land to the plaintiff upon condition that the plaintiff should pay to the defendant and his wife certain sums monthly for life, and that " this deed is not to take effect until the said Leathe shall have executed a bond to said Bullard with satisfactory sureties in the penal sum of three hundred dollars, to be in force for the term of five years only, conditioned for the faithful performance of all and singular the conditions of this conveyance."

It further appeared to the auditor that such bond was never executed, but that nevertheless the plaintiff entered into possession, and paid the monthly instalments for more than two years, and then ceased to pay them; was ousted by the defendant for this breach of condition; and brought this action to recover back the money paid by him, on the ground that, the precedent condition for giving bond never having been performed, the deed to him was void.

The auditor reported that two questions arose before him : the first, of law, whether parol evidence was admissible to prove a waiver of the condition, and this he referred to the court; the second, of fact, if such evidence was admissible, whether the waiver was proved; and he was of opinion that it was, and stated the evidence in detail, partly of circumstances occurring before

46 *

the execution and delivery of the deed, and partly after; and added, " The plaintiff claims as an incidental matter of law, upon the above evidence, that " all that was done before the delivery of the deed " is entirely inoperative and void, whatever might have been its legal effect if made after."

A trial was had in the court of common pleas in Hampden, at March term 1857, before *Morris,* J., who signed this bill of exceptions : " The case was submitted to the jury on the auditor's report, and other evidence introduced by the plaintiff to the same purport as that introduced before the auditor, with instructions that it was competent for the defendant to prove a waiver of the condition " above quoted, " by parol evidence of the acts and declarations of the parties ; and that, under this view of the question of law referred to the court by the auditor, the auditor's report, unless controlled by the evidence introduced at the trial, was *prima facie* evidence for the defendant. Under these instructions the jury rendered a verdict for the defendant. To which instructions the plaintiff excepts."

*G. Walker & S. J. Ross,* for the plaintiff. 1. Parol evidence is not admissible to prove waiver of a condition in a deed. Even if parol evidence of circumstances tending to show a waiver after the delivery of the deed is admissible, such evidence of circumstances before the delivery is not, and the judge should so have instructed the jury. 1 Greenl. Ev. § 281.

2. The court erred in instructing the jury " that the auditor's report, unless controlled by evidence introduced at the trial, was *prima facie* evidence for the defendant; " for the auditor had reported the evidence in full, and thus brought before the jury the means of correcting his judgment. *Jones* v. *Stevens,* 5 Met. 377, 378. *Commonwealth* v. *Cambridge,* 4 Met. 40. *Taunton Iron Co.* v. *Richmond,* 8 Met. 436.

*W. S. Shurtleff,* for the defendant.

BIGELOW, J. It was clearly competent to prove a waiver of the condition in the deed by parol evidence of the acts and declarations of the parties. Co. Lit. 218 *a.* Shep. Touch. 153. 2 Cruise Dig. (Greenl. ed.) tit. 13, *c.* 2, § 25, note.

The objection, that a part of the evidence admitted by the

auditor as bearing on the point of waiver was incompetent, because it related to facts and circumstances which occurred before the execution and delivery of the deed, was not raised at the trial. The attention of the court was not called to it, nor was any ruling made upon it. If the plaintiff intended to avail himself of that objection, which he had raised before the auditor, he should have either moved to have the report recommitted to the auditor, or the objectionable portions stricken out; but having failed in any way to raise any question in regard to it at the trial, it is not now open to him on the exceptions. *Howard* v. *Hayward*, 10 Met. 420. *Holbrook* v. *Jackson*, 7 Cush. 152–155. It is the more necessary to observe this rule strictly in a case like the present, where, if the objection had been seasonably taken, the defendant might have offered at the trial further evidence on the question of waiver, in lieu of that now objected to, which would not have been open to any exception on the ground of incompetency.

The auditor's report was *prima facie* evidence of the facts found by him. Rev. Sts. *c.* 96, § 30. *Taunton Iron Co.* v. *Richmond*, 8 Met. 436. *St.* 1856, *c.* 202. *Exceptions overruled.*